# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

---

BERNARD AVERY, JR., )
     )
    Petitioner, )
     )
v. )     No. 2:14-cv-2118-SHM
     )
UNITED STATES OF AMERICA, )
     )
    Respondent. )

---

### ORDER

---

Before the Court are nine motions. On February 18, 2014, Petitioner Bernard Avery, Jr., filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 1 ("§ 2255 Mot."); see also Movant's Br. and Mem. in Supp. of [28 U.S.C. § 2255] Pet., ECF No. 1-1 ("Mem. ISO § 2255 Mot.").) The Government filed a response to the § 2255 Motion on October 14, 2014. (Resp. of U.S. to Def.'s Mot., ECF No. 13 ("First Gov't Resp.").) Avery filed a reply in support of the § 2255 Motion on November 10, 2014. (Mot. Pursuant to Resp. to Opp'n Pet. to [§ 2255 Mot.], ECF No. 14 ("§ 2255 Reply").)

On June 8, 2015, Avery filed a motion for leave to amend the § 2255 Motion. (Pet'r's Mot. for Leave to Amend his [§] 2255 Mot. Pursuant to Fed. R. Civ. P. Rule 15(c), ECF No. 18 ("Mot. to Amend").) On June 24, 2015, the Court granted the Mo-

tion to Amend and directed the Government to respond. (See Corrected Order Addressing Pending Mots. and Directing U.S. to Resp. to Amended 28 U.S.C. § 2255 Mot., ECF No. 20 ("June 2015 Order").) The Government filed its response on August 10, 2015. (Resp. of U.S. to Am. 28 U.S.C. § 2255 Mot., ECF No. 23 ("Second Gov't Resp.").) Avery has not filed a direct reply to the Second Government Response, although material in his other filings addresses the Second Government Response indirectly. The deadline for a direct reply to the Second Government Response has passed. (June 2015 Order 5 (setting reply deadline).)

On September 1, 2015, Avery filed a Motion Asking [Court] to Rule in Movant's Favor as to His [Amended] [§ 2255] Motion Pursuant to Fed. R. Civ. [P.] Rule 15(c). (ECF No. 24 ("Second Avery Mot.").) Like the remainder of Avery's motions, the Government has not filed a response to the Second Avery Motion. The deadline for doing so has passed. L.R. 7.2(a)(2).[1]

On December 21, 2015, Avery filed a Motion for an Evidentiary Hearing. (ECF No. 29 ("Third Avery Mot.").) The same

---

[1] On December 9, 2015, Avery submitted a document to the Court. (ECF No. 28.) When entered on the docket on December 14, 2015, that document was deemed, inter alia, a "[Motion] for Status of Case." The Court does not understand that document to be a motion. Unlike many of Avery's other filings, the document has no title suggesting that Avery intended the document to be a motion. The document appears to be a letter to the Court. The document does request an update on the § 2255 Motion, a copy of the Second Government Response, and additional time to respond to the Second Government Response. (Id. at 1.) Those requests are moot. To the extent ECF No. 28 is a motion, it is DENIED.

day, Avery also filed a Motion for Extension of Time to Respond to Government's Response to Movant's [§ 2255] Motion. (ECF No. 30 ("Fourth Avery Mot.").)

On March 10, 2016, Avery filed a Motion for Judicial Notice. (ECF No. 31 ("Fifth Avery Mot.").) The same day, Avery also filed a Motion Asking the [Court] to Consider [a] Document as Newly Discovered Evidence for a Downward Departure. (ECF No. 32 ("Sixth Avery Mot.").)

On March 21, 2016, Avery filed a Motion to Amend His [§ 2255] Motion Pursuant to Fed. R. Civ. P. Rule 15(c). (ECF No. 33 ("Seventh Avery Mot.").)

On April 4, 2016, Avery filed a Motion to Supplement. (ECF No. 34 ("Eighth Avery Mot.").)

On June 16, 2016, Avery filed a Motion for Leave to [Amend] His [§ 2255] Motion Pursuant to Fed. R. Civ. P. Rule 15(c). (ECF No. 35 ("Ninth Avery Mot.").)

For the following reasons, the § 2255 Motion is DENIED. The Second and Third Avery Motions are DENIED. The Fourth Avery Motion is DENIED as moot. The Fifth, Sixth, Seventh, Eighth, and Ninth Avery Motions are DENIED.

## I.  BACKGROUND

### A.  Case No. 07-20040

On February 1, 2007, a federal grand jury returned an eight-count indictment against four defendants, including Avery.

(Indictment in 07-20040,[2] ECF No. 1.)  The charges included: (1) two counts of interference with commerce by threats or violence, in violation of 18 U.S.C. § 1951 (id. at 1, 3); (2) two counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (id. at 5, 7); and (3) four counts of carrying or using a firearm while committing a crime of violence, in violation of 18 U.S.C. § 924(c) (id. at 2, 4, 6, 8).  Each count referred to 18 U.S.C. § 2 and alleged that the defendants aided and abetted one another in committing the relevant substantive offense.  (Id. at 1-8.)  All eight counts named Avery.  (See generally id.)

On March 27, 2007, Avery filed a Motion to Refer Defendant for Mental Competency Evaluation by Psychiatrist/Psychologist. (ECF No. 50 in 07-20040.)  The Motion represented that Avery's counsel believed that Avery was "presently suffering from a mental disease or defect rendering him mentally incompetent to the [extent] that he is unable to understand the nature and consequences of the proceedings against him and to assist counsel properly in his defense."  (Id. ¶ 2.)  That motion was granted on March 29, 2007, and Avery was ordered to "undergo a complete mental evaluation . . . to determine whether he is mentally competent."  (Order for Mental Evaluation of Def. 1, ECF No. 52 in 07-20040.)  The resulting report concluded that, at that time,

---

[2] References to "07-20040" are to filings in United States v. Lymas, No. 2:07-20040-SHM-tmp (W.D. Tenn.).  Avery was one of four defendants in Lymas.

4

Avery was not competent to stand trial. (See, e.g., Minute Entry, ECF No. 68 in 07-20040.)

The Court held a competency hearing on August 23, 2007. (Minutes, ECF No. 71 in 07-20040.) The Court concluded that Avery was suffering from "mental defect/dementia" and that, at that time, Avery was incompetent to stand trial. (Id.) Avery's trial was continued, and Avery was "committed to the custody of the U.S. Attorney General pursuant to 18 U.S.C. [§] 4241D for a period of treatment . . . ." (Order on Continuance and Excluding Time, ECF No. 73 in 07-20040.) Avery was transported to the Federal Medical Center in Butner, North Carolina ("FMC"). (See, e.g., Order Granting Mot. to Extend Evaluation Deadline 1, ECF No. 95 in 07-20040.)

On March 25, 2008, the FMC submitted a Certificate of Restoration of Competency to Stand Trial. (Letter from Tony D. Hiscocks, FMC (Mar. 25, 2008), ECF No. 126 in 07-20040 (including certificate as attachment).) The underlying forensic evaluation of Avery concluded:

> In regard to his competency to stand trial, [Avery] suffers from a major mental illness, that is, [s]chizophrenia. However, his symptoms are largely in remission at this time. Unfortunately, [Avery] was unwilling to be forthright about what he understands regarding the charges and legal system. Therefore, a complete description of his competency-related abilities cannot be offered. However, there is indirect information to suggest [Avery] understands the

nature and consequences of the proceedings
against him and can properly assist in his
defense. For instance, [Avery] was able to
provide a coherent and logical account of
his alleged activities following his arrest.
During his admission, he was able to under-
stand questions posed to him and respond ap-
propriately. He also was calm, alert, and
appropriate with the evaluators and other
staff, suggesting he can interact appropri-
ately with counsel as well. He was atten-
tive during extended interviews, suggesting
he can remain sufficiently focused during
the proceedings. His speech was also clear
and organized, indicating there are no obvi-
ous impediments to him testifying if neces-
sary. He never verbalized any delusional or
irrational ideas. Further, [Avery] has no
mental condition or gross cognitive deficits
which would suggest he could not understand
the charges or relevant legal information in
order to participate in his own defense.

Given the above, [Avery] is considered com-
petent to stand trial and is ready to be re-
turned to court. . . .

(Robert E. Cochrane, Forensic Evaluation -- Bernard Avery 14
(Mar. 6, 2008), ECF No. 34-1 in 07-20040 ("2008 Evaluation").)

On November 19, 2008, Avery was arraigned. (Minute Entry,
ECF No. 170 in 07-20040.) He pled not guilty to all counts in
the indictment. (Id.)

During a status conference on March 1, 2010,[3] the Government
said it had received a report from a defense psychologist, Dr.

---

[3] Between April 2009 and January 2010, the parties and the Court
addressed Avery's motion to suppress, inter alia, various in-
criminating post-arrest statements. (Def.'s Mot. to Suppress
and Mem. in Supp. Thereof 5, ECF No. 196 in 07-20040.) One
ground of that motion was that Avery was not mentally competent

Geraldine Bishop, that Avery was not competent to stand trial. (Minute Entry, ECF No. 272 in 07-20040.) The Court determined that Avery should undergo further mental evaluation before trial. (Order for Further Mental Evaluation of Def., ECF No. 271 in 07-20040.) The Court ordered that Avery "undergo a complete mental evaluation to determine whether he is mentally competent to stand trial, to understand the nature and consequences of the proceedings against him and to assist properly in his own defense, and to determine his competency at the time of the alleged offenses, all with specific reference to mental retardation." (Id.)

The resulting forensic evaluation was submitted on May 27, 2010. (Letter from Sara M. Revell, FMC (May 21, 2010) (attaching evaluation) (on file with Court).) Addressing Avery's competency to stand trial, the evaluation concluded:

> Avery does not suffer from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Therefore, we view him as competent to stand trial at this time. While he does suffer from [s]chizophrenia, his symptoms are largely in remission. Further, Avery is not mentally retarded, nor does he suffer

---

when he made the statements. (Id.) The motion was denied by the Court on January 28, 2010, including the argument about Avery's post-arrest competency. (Order Adopting as Modified Magistrate Judge's R. & R. on Mot. to Suppress 15–16, ECF No. 263.)

> from any other mental disorder that would
> impact his competency.

(Jennifer S. Adams, Forensic Evaluation -- Bernard Avery 18 (May 10, 2010) (on file with Court) ("2010 Evaluation").)

Avery's trial began on August 17, 2010. (Minute Entry, ECF No. 318 in 07-20040.) On August 25, 2010, the sixth day of trial, Avery said he wished to change his plea. (Minute Entry, ECF No. 323 in 07-20040.) Avery and the Government entered into a plea agreement. (Plea Agreement, ECF No. 325 in 07-20040 ("Plea Agreement").)

In the Plea Agreement, Avery agreed to plead guilty to Counts 1-3 and Counts 5-7 of the Indictment. (Id. ¶ 7.) The Government agreed that, at sentencing, it would move for dismissal of Counts 4 and 8.[4] (Id. ¶ 8.) The Plea Agreement recommended an "agreed upon sentence of imprisonment" of 40 years, subject to the Court's agreement. (Id. ¶ 9.) On August 30, 2010, the Court entered an Order on Change of Plea stating that "the Court [had] accepted [Avery's] plea" on August 25, 2010. (Order on Change of Plea, ECF No. 326 in 07-20040.)

Before Avery's sentencing, the U.S. Probation Office prepared a Presentence Investigation Report. (Presentence Investigation Report in 07-20040-2 ("PSR").) The PSR calculated Avery's guidelines-sentencing range pursuant to the 2010 edition

---

[4] Counts 4 and 8 alleged violations of 18 U.S.C. § 924(c). (Indictment 4, 8.)

of the U.S. Sentencing Commission Guidelines Manual ("U.S.S.G."). (Id. ¶ 19.)

The PSR calculated the adjusted offense levels for Counts 1, 3, 5, and 7. (Id. ¶¶ 20–45.) These were 20, 26, 24, and 30, respectively. (Id. ¶¶ 25, 31, 38, 45.) Pursuant to U.S.S.G. § 3D1.4, these adjusted offense levels led to a combined adjusted offense level of 33. (Id. ¶¶ 46–53.) The PSR also included a three-point adjustment based on acceptance of responsibility. (Id. ¶ 54.) The resulting total offense level was 30. (Id. ¶ 56.) After reviewing Avery's criminal history, the PSR stated that he had no criminal-history points, resulting in a criminal-history category of I. (Id. ¶ 64.)

Avery's recommended guidelines-sentencing range for Counts 1, 3, 5, and 7, based on a total offense level of 30 and a criminal-history category of I, was 97 to 121 months. (Id. ¶ 107.) Because of his two § 924(c) convictions for Counts 2 and 6, an additional 32 years of consecutive imprisonment were added to that sentence. (Id. ¶¶ 57, 107.)

At his sentencing on January 13, 2011, Avery objected to portions of the PSR, but not to the calculation of the sentencing range. (See generally Position of Def. with Regard to Sentencing Factors, ECF No. 336 in 07-20040.) Avery was sentenced to 480 months (40 years) of imprisonment. (J. in a Criminal

Case 2, ECF No. 338 in 07-20040 ("J. in Criminal Case").)  Avery
did not appeal.

### B.  Case No. 14-02118

On February 18, 2014, Avery filed the § 2255 Motion.  That
motion asserts six grounds.  Ground 1 is that Avery "is actually
innocent of the underlying offense" in Counts 1 and 2 of the in-
dictment.  (§ 2255 Mot. 6; see also Mem. ISO § 2255 Mot. 1-3.)
Ground 2 is that the Court "erred in accepting Avery's guilty
plea without factual support of Counts 1 & 2."  (§ 2255 Mot. 8;
see also Mem. ISO § 2255 Mot. 3-5.)  Ground 3 is that the Court
lacked subject-matter jurisdiction to adjudicate Avery's prose-
cution.  (§ 2255 Mot. 10; see also Mem. ISO § 2255 Mot. 5-10.)

Ground 4 has two parts.  The first ("Ground 4(a)") is that
"[t]he evidence of [Avery's] case was tainted by the [Govern-
ment's] use [of it] to convict Avery without jurisdiction."
(§ 2255 Mot. 12; see also Mem. ISO § 2255 Mot. 10-11.)  The sec-
ond ("Ground 4(b)") is that "the evidence of [Avery's] case was
tainted by the state of Tennessee's intentional waiver and re-
linquishment of the evidence to the United States."  (§ 2255
Mot. 12; see also Mem. ISO § 2255 Mot. 11-12.)

Ground 5 is that "Avery was [capriciously] held competent
to understand the nature and consequences of his actions."
(§ 2255 Mot. at PageID 17; see also Mem. ISO § 2255 Mot. 12-13.)
Ground 6 is that Avery's counsel provided ineffective assistance

"by virtue of [counsel's] failure to protect Avery's vital liberty interests." (§ 2255 Mot. at PageID 17; see also Mem. ISO § 2255 Mot. 14–20.)

On May 15, 2014, the Court entered an order directing the Government to respond to the § 2255 Motion. (Order Directing Gov't to Respond, ECF No. 6.) On October 14, 2014, the Government filed the First Government Response. The gravamen of that response was that the § 2255 Motion was time-barred under 28 U.S.C. § 2255(f). (First Gov't Resp. 2–4.) On November 10, 2014, Avery filed the § 2255 Reply. The § 2255 Reply did not address the Government's § 2255(f) argument. (See generally § 2255 Reply.)

On June 8, 2015, Avery filed the Motion to Amend. That motion did address the Government's § 2255(f) argument, asserting that under § 2255(f)(3) and (f)(4), the § 2255 Motion is not time-barred because Avery filed it within a year of the U.S. Supreme Court's decision in Rosemond v. United States, 134 S. Ct. 1240 (2014). (Mot. to Amend. 2–3.) The Motion to Amend argued also that the Court should grant Avery leave to amend his § 2255 Motion to include his argument that the § 2255 Motion is not time-barred. (Id. at 1.)

On June 24, 2015, the Court entered the June 2015 Order. That order, inter alia, granted the First Motion to Amend and ordered the Government to "specifically address[] whether

[Avery's] claims remain time barred under <u>Rosemond</u>." (June 2015
Order 4.) The Government filed the Second Government Response
on August 10, 2015. The gravamen of that response was that,
notwithstanding Avery's <u>Rosemond</u> argument, the § 2255 Motion was
time-barred. (Second Gov't Resp. 1–3.)

Between September 1, 2015, and June 16, 2016, Avery filed
the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and
Ninth Avery Motions.

## II. STANDARD OF REVIEW FOR § 2255 MOTIONS

Avery seeks relief under 28 U.S.C. § 2255. (<u>See generally</u>
§ 2255 Mot.) Under § 2255(a),

> [a] prisoner in custody under sentence of a
> court established by Act of Congress claim-
> ing the right to be released upon the ground
> that the sentence was imposed in violation
> of the Constitution or laws of the United
> States . . . or that the sentence was in ex-
> cess of the maximum authorized by law . . .
> may move the court which imposed the sen-
> tence to vacate, set aside or correct the
> sentence.

28 U.S.C. § 2255(a).

"To prevail on a motion under § 2255, a [petitioner] must
prove '(1) an error of constitutional magnitude; (2) a sentence
imposed outside the statutory limits; or (3) an error of fact or
law that was so fundamental as to render the entire proceeding
invalid.'" <u>Goward v. United States</u>, 569 F. App'x 408, 412 (6th

Cir. 2014) (quoting <u>McPhearson v. United States</u>, 675 F.3d 553, 559 (6th Cir. 2012)).

A prisoner must file his § 2255 motion within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

After a petitioner files a § 2255 motion, the court reviews it and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rules Governing Section 2255 Proceedings for the U.S. District Courts at Rule 4(b). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to

take other action the judge may order." <u>Id.</u> The § 2255 movant is entitled to reply to the government's response. <u>Id.</u> at Rule 5(d). The Court may also direct the parties to provide additional information relating to the motion. <u>Id.</u> at Rule 7(a). If the district judge addressing the § 2255 motion is the same judge who oversaw the petitioner's trial, the judge "may rely on his recollections from trial in deciding" the motion. <u>Fifer v. United States</u>, 660 F. App'x 358, 363 (6th Cir. 2016) (citing <u>Arredondo v. United States</u>, 178 F.3d 778, 782 (6th Cir. 1999)).

## III. ANALYSIS

### A. Timeliness of § 2255 Motion

Under § 2255(f), a petitioner must file his § 2255 motion within one year of "the latest of" four dates. 28 U.S.C. § 2255(f). Avery argues that the <u>Rosemond</u> decision makes the § 2255 Motion timely under § 2255(f)(3) or § 2255(f)(4). (Mot. to Amend 2-5.)

As a threshold matter, the § 2255 Motion is not timely under § 2255(f)(1). Avery's judgment of conviction was entered on January 19, 2011. (J. in Criminal Case.) He did not appeal. His judgment of conviction became final ten days after entry of the judgment of conviction (i.e., the expiration of the period in which Avery could have filed an appeal). <u>Johnson v. United States</u>, 457 F. App'x 462, 464-65 (6th Cir. 2012) ("<u>Johnson 2012</u>") (quoting <u>Sanchez-Castellano v. United States</u>, 358 F.3d

424, 426–27 (6th Cir. 2004)); <u>Polinski v. United States</u>, No. 3:11-CR-190, 2016 WL 7664733, at *1 (N.D. Ohio Dec. 30, 2016) (citing <u>Sanchez-Castellano</u>). That date was January 29, 2011.

To be timely under § 2255(f)(1), the § 2255 Motion had to be filed by January 29, 2012. Avery filed it on February 18, 2014. The § 2255 Motion is not timely under § 2255(f)(1).

To be timely under § 2255(f)(3), a movant must file his § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Avery argues that <u>Rosemond</u> recognized a new right on which the § 2255 Motion depends. (Mot. to Amend 2–4.)

<u>Rosemond</u> was decided on March 5, 2014 –– after Avery had filed the § 2255 Motion. As this suggests, <u>Rosemond</u> is not the source of any "right asserted" in the § 2255 Motion. <u>Rosemond</u>'s key holding is that, to be convicted of aiding and abetting a § 924(c) offense, a defendant must have had "advance knowledge" that an accomplice planned to bring a gun as part of carrying out the predicate offense:

> [T]he § 924(c) defendant's knowledge of a firearm must be advance knowledge –– or otherwise said, knowledge that enables him to make the relevant legal (and indeed, moral) choice. When an accomplice knows beforehand of a confederate's design to carry a gun, he can attempt to alter that plan or, if unsuc-

cessful, withdraw from the enterprise; it is
deciding instead to go ahead with his role
in the venture that shows his intent to aid
an **armed** offense.   But when an accomplice
knows nothing of a gun until it appears at
the scene, he may already have completed his
acts of assistance; or even if not, he may
at that late point have no realistic oppor-
tunity to quit the crime.   And when that is
so, the defendant has not shown the requi-
site intent to assist a crime involving
a gun.

134 S. Ct. at 1249.

For Avery's § 2255 Motion to be timely under § 2255(f)(3),
the arguments in the § 2255 Motion must hinge on <u>Rosemond</u>.   They
do not.

Ground 1 argues that Avery is "actually innocent" of Counts
1 and 2 of the indictment.[5]   (§ 2255 Mot. 6.)   Avery's Ground 1

---

[5] Avery's actual-innocence assertion raises another issue.   Actu-
al innocence can be a ground for equitable tolling.   <u>See, e.g.</u>,
<u>Bacon v. Klee</u>, No. 15-2491, 2016 WL 7009108, at *8 (6th Cir.
Nov. 30, 2016).   The Sixth Circuit has discussed the actual-
innocence showing needed to justify equitable tolling:

"[A]ctual innocence means factual innocence,
not mere legal insufficiency."   In order to
demonstrate actual innocence, the petitioner
must   present   "evidence   of   innocence   so
strong that a court cannot have confidence
in the outcome of the trial unless the court
is also satisfied that the trial was free of
nonharmless constitutional error."   A show-
ing must rely on "new reliable evidence --
whether it be exculpatory scientific evi-
dence, trustworthy eyewitness accounts, or
critical physical evidence -- that was not
presented at trial."

<u>Id.</u> at *8 (citations omitted).

arguments, however, do not rely on <u>Rosemond</u>'s advance-knowledge holding.

Ground 2 argues that the district court erred in accepting Avery's guilty plea because it was based on insufficient admitted facts. (<u>Id.</u> at 8.) This argument has nothing to do with <u>Rosemond</u>.

Ground 3 asserts that this Court lacked jurisdiction to oversee Avery's prosecution. (<u>Id.</u> at 10.) <u>Rosemond</u> does not address jurisdictional issues.

Ground 4(a) contends that "evidence of [Avery's] case was tainted by the [Government's] use [of it] to convict Avery without jurisdiction." (<u>Id.</u> at 12.) Ground 4(b) contends that "the evidence of [Avery's] case was tainted by the state of Tennessee's intentional waiver and relinquishment of the evidence to the United States." (<u>Id.</u>) Those issues are not affected by <u>Rosemond</u>.

---

Avery's actual-innocence assertion does not justify any application of equitable tolling. As a threshold matter, Avery asserts actual innocence only as to Counts 1 and 2 of the indictment. (§ 2255 Mot. 6; Mem. ISO § 2255 Mot. 1–3.) Even if Avery had presented evidence of actual innocence, it would not justify equitable tolling as to the entire § 2255 Motion.

Avery does not make a sufficient actual-innocence showing as to Counts 1 and 2. He presents no new reliable evidence -- indeed, he presents no new evidence -- suggesting that he was actually innocent of the conduct alleged in Counts 1 and 2. (<u>See generally</u> § 2255 Mot. 6; Mem. ISO § 2255 Mot. 1–3.)

Ground 5 argues that "Avery was [capriciously] held competent to understand the nature and consequences of his actions." (§ 2255 Mot. at PageID 17.) <u>Rosemond</u> does not address competency issues.

Ground 6 asserts that Avery received ineffective assistance of counsel at trial. (<u>Id.</u>) None of Avery's ineffective-assistance allegations hinges on the intent needed to establish liability for aiding and abetting a § 924(c) violation. (<u>See generally</u> Mem. ISO § 2255 Mot. 14–20 (section of memorandum detailing ineffective-assistance arguments).)

None of the arguments in the § 2255 Motion relies on <u>Rosemond</u>. Section 2255(f)(3) and <u>Rosemond</u> do not make the § 2255 Motion timely.[6]

---

[6] Even if the arguments in the § 2255 Motion did rely on <u>Rosemond</u> -- or the Motion to Amend were interpreted to offer a <u>Rosemond</u>-based argument as a new, independent ground for § 2255 relief -- the Sixth Circuit has not decided whether <u>Rosemond</u> applies retroactively to cases on collateral review. <u>Berry v. Capello</u>, 576 F. App'x 579, 592 (6th Cir. 2014). Most district-court decisions in this circuit hold that <u>Rosemond</u> is not retroactive. <u>Evans v. United States</u>, No. 14-2170, 2015 WL 5838647, at *3 (W.D. Tenn. Oct. 7, 2015) (declining to give <u>Rosemond</u> retroactive effect); <u>Aquil v. Butler</u>, No. CIV.A. 6:14-230-DCR, 2015 WL 1914404, at *4 (E.D. Ky. Apr. 27, 2015) (same); <u>Moreno v. Snyder-Morse</u>, No. 14-CV-106-HRW, 2015 WL 82418, at *4 (E.D. Ky. Jan. 6, 2015) (same); <u>Taylor v. Sepanek</u>, No. 14-CV-160-HRW, 2014 WL 6705408, at *4 (E.D. Ky. Nov. 26, 2014) (same); <u>Douglas v. Butler</u>, No. 14-CV-177-KKC, 2014 WL 6633230, at *6 (E.D. Ky. Nov. 21, 2014) (same); <u>Taniguchi v. Butler</u>, No. 14-CV-120-KKC, 2014 WL 5063748, at *5 (E.D. Ky. Oct. 8, 2014) (same); but see <u>United States v. Watson</u>, No. 3:11-CR-079, 2016 WL 3625449, at *5 (S.D. Ohio July 7, 2016) (deciding that <u>Rosemond</u> should be given retroactive effect to cases on collateral review), <u>report and rec-</u>

Avery also suggests that Rosemond makes the § 2255 Motion timely under § 2255(f)(4). (Mot. to Amend 1, 5–6.) That argument is not well taken. Under § 2255(f)(4), a § 2255 motion is timely if filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Avery cites no new facts supporting his claim. He appears to treat the Rosemond decision as a new fact. "[Section] 2255(f)(4)," however, "is directed at the discovery of new facts, not newly-discovered law[.]" Phillips v. United States, 734 F.3d 573, 580 (6th Cir. 2013); see also Street v. United States, No. 1:16-CV-1147, 2016 WL 7367286, at *3 (W.D. Mich. Dec. 20, 2016).

Avery's § 2255 Motion is untimely under § 2255(f). The § 2255 Motion is DENIED.

**B.  Second Avery Motion**

The Second Avery Motion asks the Court to grant the § 2255 Motion because Avery had not received the Government response ordered in the June 2015 Order. (See generally Second Avery Mot.)

The Second Government Response was timely filed. The June 2015 Order directed the Government to respond to the Motion to Amend by July 23, 2015. (June 2015 Order 4–5.) On July 17,

---

ommendation adopted, No. 3:11-CR-079, 2016 WL 4182364 (S.D. Ohio Aug. 8, 2016).

2015, the Government requested an extension of that deadline to August 10, 2015. (Mot. for Extension of Time to Respond, ECF No. 21.) That request was granted. (Order Granting Mot. for Extension of Time, ECF No. 22.) The Government filed the Second Government Response on August 10, 2015. (Second Gov't Resp.) The certificate of service for that filing represents that the Government mailed the Second Government Response to Avery the same day. (Id. at 4.)

The Second Avery Motion represents that, as of August 24, 2015, Avery had not received the Second Government Response. (Second Avery Mot. 1.) The Third Avery Motion, filed on December 21, 2015, refers to material from the Second Government Response. (Third Avery Mot. 1.) At some point before December 21, 2015, Avery must have received a copy of that filing. Since December 2015, Avery has had ample opportunity to reply to the Second Government Response. The Court will not grant Avery's § 2255 Motion merely because he represents that he had not received a copy of the Second Government Response by August 24, 2015.

The Second Avery Motion is DENIED.

## C.    Third Avery Motion

The Third Avery Motion requests an evidentiary hearing based on purported "clear proof" of Avery's actual evidence.[7] (Third Avery Mot. 1.)  "If a habeas petitioner presents a factual dispute, then 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" Pola v. United States, 778 F.3d 525, 532 (6th Cir. 2015) (quoting Huff v. United States, 734 F.3d 600, 607 (6th Cir. 2013)).

As discussed above, the arguments in the § 2255 Motion, including Avery's actual-innocence arguments, are time-barred.[8] They present no factual disputes for the Court.  No evidentiary hearing is necessary.  The Third Avery Motion is DENIED.

## D.    Fourth Avery Motion

The Fourth Avery Motion requests an extension of time to respond to the Second Government Response.  (Fourth Avery Mot. 1.)  The Fourth Avery Motion was filed on December 21, 2015, over three months after the Government had filed the Second Government Response.  Between December 21, 2015, and the date of

---

[7] The Third Avery Motion also appears to treat Rosemond as a stand-alone ground for § 2255 relief. (Third Avery Mot. 1.)  As discussed in note 6 supra, Rosemond is not retroactive on collateral review.  Avery's Rosemond argument is unavailing.

[8] As noted in note 5 supra, claims of actual innocence can justify application of equitable tolling.  As with the § 2255 Motion, however, the Third Avery Motion asserts only that Avery is innocent of Counts 1 and 2 of the indictment, and even as to those counts, presents no new reliable evidence of actual innocence. (See generally Third Avery Mot.)

this Order, Avery has not filed a reply to the Second Government Response. He has filed numerous motions to amend and/or supplement the § 2255 Motion, including some addressing equitable-tolling issues that bear on the Second Government Response. Given that the Court addresses those motions below, and given the resolution of the § 2255 Motion, the Fourth Avery Motion is DENIED as moot.

### E. Fifth Avery Motion

The Fifth Avery Motion asks the Court to "consider the decision" in <u>United States v. Whitehead</u>, 605 F. App'x 888 (11th Cir. 2015). Avery asserts that, like the <u>Whitehead</u> defendant, he is "not a true recidivist [so as] to qualify for [a] reoffender penalty." (Fifth Avery Mot. 1.)

Avery points to a 2011 report from the U.S. Sentencing Commission cited by the <u>Whitehead</u> defendant. (<u>Id.</u>) That report states that "§ 924(c)'s requirement that mandatory minimum sentences be 'stacked' can result in unduly harsh sentences where all the stacked § 924(c) offenses are charged in the same indictment as part of a crime spree and the defendant had no prior criminal history." <u>Whitehead</u>, 605 F. App'x at 890-91 (discussing U.S. Sentencing Comm'n, <u>Report to Congress: Mandatory Minimum Penalties in the Federal Criminal Justice System</u> (2011)).

The argument in the Fifth Avery Motion is new. It did not appear in the § 2255 Motion. (<u>Compare</u> Fifth Avery Mot. <u>with</u>

§ 2255 Mot.; Mem. ISO § 2255 Mot.)  The Court understands the Fifth Avery Motion to raise a new ground for § 2255 relief. Proposed amendments and supplements to a § 2255 motion must be filed within § 2255(f)'s one-year statute of limitations.  See, e.g., Berry v. United States, No. 214-CV-02070-STA-CGC, 2017 WL 401269, at *10 (W.D. Tenn. Jan. 30, 2017).

The argument in the Fifth Avery Motion is time-barred.  The Eleventh Circuit decided Whitehead in April 2015, but the underlying argument is based on a report issued in 2011.  Whatever the merits of the argument,[9] Avery cannot raise it now.  It is untimely under all four paths to timeliness established by § 2255(f)(1)-(4).

The Fifth Avery Motion is DENIED.

**F.  Sixth Avery Motion**

The Sixth Avery Motion asks the Court to "consider [Avery's] mental competence as a factor for a downward departure."  (Sixth Avery Mot. 2.)  Avery appears to argue (1) that he should not have been deemed competent to stand trial, and (2) that a document purporting to be a letter from the Social

---

[9] The argument is also meritless.  Whitehead itself did not grant relief based on the argument.  605 F. App'x at 892 ("The district court considered the 2011 Report and Whitehead's arguments that he had no prior criminal history and was not a true recidivist. . . .  But, the district court also considered the need for the sentence to promote respect for the law, deter future criminal conduct, and provide a just punishment. . . .  Under the totality of the circumstances, we cannot say the district court abused its discretion.").

Security Administration (the "SSA Letter") constitutes new evidence of his prior lack of competence. (<u>See generally</u> <u>id.</u>)

The competency argument in the Sixth Avery Motion is new. It did not appear in the § 2255 Motion. (<u>Compare</u> Sixth Avery Mot. <u>with</u> § 2255 Mot.; Mem. ISO § 2255 Mot.) The Sixth Avery Motion must comply with § 2255(f)'s one-year statute of limitations. <u>Berry</u>, 2017 WL 401269, at *10.

The competency argument is time-barred. The argument was available to Avery as soon as his judgment of conviction became final. None of the § 2255(f) routes to timeliness makes the competency argument timely.

The SSA Letter does not make Avery's competency argument timely. Under § 2255(f)(4), a § 2255 motion is timely if brought within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The SSA Letter is dated June 27, 2014. The Sixth Avery Motion was filed on March 20, 2016. Even if the SSA Letter presented new facts supporting a § 2255 argument, Avery filed the Sixth Avery Motion more than a year after the date of the letter. The SSA Letter does not make the Sixth Avery Motion timely.

The fact in the letter on which Avery's argument depends is that Avery was diagnosed as paranoid schizophrenic in February 2002. Avery knew of his diagnosis long before June 2014. Be-

fore Avery's criminal trial, there was extensive motion practice about Avery's competency, during which Avery's schizophrenia was noted repeatedly. (See, e.g., 2008 Evaluation; 2010 Evaluation.) The SSA Letter does not present a new fact making the competency argument timely under § 2255(f)(4).

The Sixth Avery Motion is DENIED.

### G.   Seventh Avery Motion

The Seventh Avery Motion asks the Court to consider the decision by the U.S. Court of Appeals for the Seventh Circuit in Davis v. Humphreys, 747 F.3d 497 (7th Cir. 2014). (Seventh Avery Mot. 1.) Davis addresses whether mental incompetence can justify equitable tolling. See, e.g., Davis, 747 F.3d at 499. Avery asserts that, because of mental incompetence, he is entitled to equitable tolling as to his prior filings. (See generally Seventh Avery Mot.)

The Sixth Circuit has decided that § 2255(f)'s limitations period can be tolled for equitable reasons.[10] Johnson 2012, 457 F. App'x at 469. A § 2255 petitioner is entitled to equitable tolling only if he establishes (1) "'he has been pursuing his rights diligently,'" and (2) "'some extraordinary circumstance stood in his way and prevented timely filing.'" Johnson 2012, 457 F. App'x at 470 (quoting Hall v. Warden, Lebanon Corr.

---

[10] The Court's approach to when mental incompetence justifies equitable tolling is governed not by Davis, a Seventh Circuit case, but by Sixth Circuit law.

Inst., 662 F.3d 745, 749 (6th Cir. 2011)).  The equitable-tolling doctrine is to be applied "'sparingly.'"  United States v. Sferrazza, 645 F. App'x 399, 408 (6th Cir. 2016) (quoting Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010)).  The petitioner bears the burden of showing that equitable tolling applies.  Johnson 2012, 457 F. App'x at 469 (citing McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003)).

In the Sixth Circuit, a petitioner's "mental incompetence or incapacity may provide a basis for equitable tolling."  Ata v. Scutt, 662 F.3d 736, 741 (6th Cir. 2011) (citing McSwain v. Davis, 287 F. App'x 450, 456 (6th Cir. 2008); see also, e.g., Banzant v. United States, No. 13-2795-STA-DKV, 2016 WL 3582210, at *5 (W.D. Tenn. June 28, 2016).  A petitioner must show (1) he is mentally incompetent, and (2) his mental incompetence caused his failure to comply with the relevant statute of limitations.  Ata, 662 F.3d at 742.

In Stiltner v. Hart, 657 F. App'x 513 (6th Cir. 2016), the Sixth Circuit adopted the test of Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010), to "flesh[] out" Ata's test for when mental in-competence justifies equitable tolling.  Under Bills:

> (1)  First, a petitioner must show his men-
>      tal impairment was an "extraordinary
>      circumstance" beyond his control, by
>      demonstrating the impairment was so se-
>      vere that either

> (a) petitioner was unable rationally
> or factually to personally under-
> stand the need to timely file, or
>
> (b) petitioner's mental state rendered
> him unable personally to prepare a
> habeas petition and effectuate its
> filing.
>
> (2) Second, the petitioner must show dili-
> gence in pursuing the claims to the ex-
> tent he could understand them, but that
> the mental impairment made it impossi-
> ble to meet the filing deadline under
> the totality of the circumstances, in-
> cluding reasonably available access to
> assistance.

Stiltner, 657 F. App'x at 521 (quoting Bills, 628 F.3d at 1099–
100) (emphasis removed).

Avery represents that, during his incarceration, he has
needed support for mental disabilities. That support includes
Avery's having a mental-health companion and attending "group
sessions" every two weeks "for mental recovery." (Seventh Avery
Mot. 1, 3.) Avery represents that, before being incarcerated,
he needed a caretaker, and that he was "one of the many individ-
uals in the State of Tennessee to receive [s]tate [f]unds checks
regarding his mental incapacities." (Id. at 1–2.) He states
that he has a low IQ. (Id.) He states that numerous doctors
have previously found him mentally incompetent. (Id. at 2–3.)
He points to Dr. Jason Dana, Dr. John Hutson, and Dr. Geraldine
Bishop, each of whom evaluated Avery before his trial. (See,
e.g., Minute Entry No. 71 in 07-20040 (Dana); Minute Entry No.

204 in 07-20040 (Hutson); Minute Entry No. 272 in 07-20040 (Bishop).) Avery also asserts that the SSA Letter shows that he lacks mental competence. (Id. at 2.)

Avery has not established that his mental impairment was a sufficiently severe "extraordinary circumstance" during the relevant limitations period.

As a threshold matter, Avery does not state which of his motions should receive the benefit of equitable tolling. The § 2255 Motion, Fifth Avery Motion, and Sixth Avery Motion are time-barred. (See Sections III.A, III.E, and III.F supra.) The Court understands the issue posed by the Seventh Avery Motion to be whether alleged mental incompetence justifies equitable tolling making any of those motions timely.

For all three motions, the key limitations period is from January 29, 2011, to January 29, 2012 (the "Limitations Period"). As to the § 2255 Motion, all of its arguments were available to Avery when his judgment of conviction became final on January 29, 2011. (See Section III.A supra.) To justify equitable tolling as to the § 2255 Motion, Avery must prove an "extraordinary circumstance" during at least part of the period between January 29, 2011, and January 29, 2012. As for the Fifth and Sixth Avery Motions, the arguments in both were also available to Avery when his judgment of conviction became final. (See Sections III.E and III.F supra.) To justify equitable

tolling as to either motion, Avery must again prove an "extraor-dinary circumstance" during the same time period.

Avery presents no specific evidence about his mental state during the Limitations Period.[11]  The evaluations by Dr. Dana, Dr. Hutson, and Dr. Bishop took place before the Limitations Period.  They concerned Avery's competency to attend trial or his competency when he made various post-arrest statements.  Similarly, that Avery received state funds, or had a caretaker, be-fore his incarceration is not evidence of his condition during the Limitations Period.  Avery's representations about his present use of mental-health resources are similarly unavailing. They bear on Avery's current mental state, not his state during the Limitations Period.

Some of Avery's evidence may bear on his mental state dur-ing the Limitations Period, but even if so, it is insufficient. Pretrial determinations that Avery had a low IQ presumably indi-cate that this condition applied during the Limitations Period. A low IQ, however, is not an "extraordinary circumstance" justi-fying equitable tolling.  "With specific reference to IQ, the Sixth Circuit has held that a low intelligence quotient is not grounds for equitable tolling, absent some showing that a peti-tioner's intelligence caused him to miss a filing deadline."

---

[11] The Court assumes without deciding that Avery's statements in the Seventh Avery Motion are admissible evidence.

Banzant, 2016 WL 3582210, at *5. Avery has made no such showing.

Avery's 2002 diagnosis as "paranoid schizophrenic" may well reflect a condition he had during the Limitations Period. But "mental illness is not the same as mental incompetence." Watkins v. Deangelo-Kipp, No. 15-2445, 2017 WL 87019, at *5 (6th Cir. Jan. 10, 2017). Even if Avery faced an underlying mental disorder during that period, there is no evidence that it created an "extraordinary circumstance." Cherry v. Smith, No. 5:14-CV-00192-GNS-LLK, 2016 WL 3746355, at *5 (W.D. Ky. Apr. 21, 2016) ("The mere diagnosis of an impairment says nothing about the impairment's severity or the degree of symptoms at a given time. It does not establish that a mental impairment prevented a petitioner from diligently pursuing his legal rights."), report and recommendation adopted, No. 5:14-CV-00192-GNS-LLK, 2016 WL 3748546 (W.D. Ky. July 8, 2016); Sloane v. Morgan, No. 4:13-CV-2052, 2014 U.S. Dist. LEXIS 182758, at *41 (N.D. Ohio Dec. 2, 2014) ("While it is undisputed [petitioner] has been variously diagnosed with several severe mental disorders (including Paranoid Schizophrenia, Psychotic Disorder, and Dissociative Disorder), he does not sufficiently allege that his mental condition during the limitations period rendered him incompetent to pursue his federal habeas rights.").

Avery has also provided no evidence that his mental condition since filing the § 2255 Motion has become better than it was during the Limitations Period. That matters because Avery has made numerous filings since filing the § 2255 Motion. Without evidence that Avery's mental capabilities since February 2014 differ from those during the Limitations Period, Avery's many filings suggest that he could have timely filed a § 2255 motion during the Limitations Period.

The Seventh Avery Motion is DENIED.[12]

## H.  Eighth Avery Motion

The Eighth Avery Motion suggests that government actions prevented Avery from timely filing prior motions. (Eighth Avery Mot. 1.) Avery states that, between January 19, 2011, and January 19, 2012, he was in protective custody, in special housing units ("SHU"), or in transit between facilities. (Id. at 2, 5.) He also asserts that on other dates he was in SHU or in transit. (Id. at 3; see also ECF No. 34-2 at PageID 166–86 ("Eighth Avery Mot. Ex. 2") (documentation of dates when Avery was in SHU).) Avery represents that, while in protective custody, in SHU, or

---

[12] At various points, the Seventh Avery Motion appears to relitigate Avery's pretrial determination of competency. (See, e.g., Seventh Avery Mot. 3–4.) He also reasserts that the SSA Letter is key evidence about his mental competency at trial, and that it was ineffective assistance for his trial counsel not to find and use that letter. (Id. at 2–4.) For the reasons discussed in Section III.F above in relation to the Sixth Avery Motion, these arguments fail.

in transit, he lacked access to legal materials, a computer, or a legal guardian, and could not have filed § 2255-related materials. (Id. at 2-3.)

Avery provides materials suggesting he was in SHU during parts of the period from January 19, 2011, through February 7, 2012.[13] Even if Avery had been in SHU the entire time (a point his materials do not establish), his time-barred motions would remain time-barred. Section 2255(f)'s one-year statute of limitations would have started to run once Avery was out of SHU. 28 U.S.C. § 2255(f)(2) (limitations period begins to run on date impediment is removed). One year from February 7, 2012, is February 7, 2013. Avery did not file the § 2255 Motion until February 18, 2014.

The Eighth Avery Motion states also that Avery "has a known mental illness that will not allow him to understand things to [their] full ability." (Eighth Avery Mot. 1; see also id. at 3.) That refers to Avery's diagnosis as a paranoid schizophrenic and to his evaluations by various doctors. (Id. at 2-4.) The material largely duplicates material in the Seventh Avery Motion. To the extent it is duplicative, it fails for the reasons presented in Section III.G above.

---

[13] The Court assumes without deciding that the materials in Eighth Avery Motion Exhibit 2 are admissible evidence.

The nonduplicative medical argument the Eighth Avery Motion makes is that Avery did not take medication for his condition during parts of the Limitations Period. (Id. at 3, 4.) Avery argues that could have exacerbated his mental problems so as to justify equitable tolling. (Id.) The documents Avery submits with the Eighth Avery Motion suggest that, for a few months in 2011, he was not prescribed medications because he had refused to take them. (See, e.g., Eighth Avery Mot. Ex. 2 at PageID 176 (June 2011 document noting Avery's "noncompliance with his psychotropic medication" and "order to discontinue" one of Avery's medications immediately).)

The argument is not well taken. First, Avery's documents are unclear as to whether Avery went completely without medications during this period. (Compare id. (June 2011 document stating that one medication was being discontinued); id. at PageID 171 (March 2011 document stating that Avery was taking multiple medications) with id. at PageID 179 (October 2011 document stating that Avery "is not currently prescribed any psychotropic medication"); id. at PageID 180 (October 2011 document stating that Avery "is not currently receiving any psychiatric [medications]").)

Second, the records show that by February 2012, Avery had resumed taking medications. (Id. at PageID 183 (February 2012 document stating that Avery was "currently taking Geodon, Pro-

zac, and Cogentin"); id. at PageID 184 (February 2012 document stating that Avery was "currently prescribed Prozac and Geodon").) Because Avery was taking medications by February 2012, his medication argument fails for the same reason his SHU argument fails. Avery provides no evidence that he stopped taking his medications again after February 2012. Even if his failure to take medications could lead to equitable tolling, § 2255(f)'s limitations period would have started in February 2012 and would have expired in February 2013. Avery filed the § 2255 Motion in February 2014.[14]

The Eighth Avery Motion is DENIED.

## I. Ninth Avery Motion

The Ninth Avery Motion asks the Court for leave to amend the § 2255 Motion to include an argument based on Johnson v. United States, 135 S. Ct. 2551 (2015). (See generally Ninth Avery Mot. 1.)

As a threshold matter, the Ninth Avery Motion was timely filed as to its Johnson argument. Proposed amendments to a § 2255 motion must be filed within § 2255(f)'s one-year statute

---

[14] The Eighth Avery Motion also states that, after the Government filed the Second Government Response, Avery did not receive it until December 11, 2015. (Eighth Avery Mot. 3.) That argument does not address equitable tolling. It appears to justify a late reply to the Second Government Response. Even now, however, over a year after Avery received the Second Government Response, he has not filed a reply to the Second Government Response. Avery's argument is not well taken. A late reply to the Second Government Response will not be permitted now.

of limitations. <u>Berry</u>, 2017 WL 401269, at \*10. Under § 2255(f)(3), a petitioner must bring a § 2255-related argument within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." <u>Johnson</u> has been made retroactively applicable to cases on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257, 1268 (2016); <u>see also</u> <u>In re Watkins</u>, 810 F.3d 375, 383-84 (6th Cir. 2015). <u>Johnson</u> was decided on June 26, 2015, and the Ninth Avery Motion was filed on June 16, 2016, less than a year later.

Avery's argument fails because he argues that <u>Johnson</u> should apply to violations of 18 U.S.C. § 924(c). Avery pled guilty to three § 924(c) violations. (<u>See, e.g.</u>, Plea Agreement.) Section 924(c)(1)(A) establishes penalties for an individual who uses or carries a firearm "in relation to any crime of violence," or who possesses a firearm while "in furtherance of any such crime." Section 924(c)(3) defines "crime of violence," for purposes of § 924(c)(1)(A), as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in

the course of committing the offense." The second quoted component is § 924(c)(3)'s "residual clause."

Johnson addressed a different residual clause -- the one in the definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e) (the "ACCA"). 135 S. Ct. at 2563. The ACCA mandates a fifteen-year sentence for a defendant who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, [or] involves the use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). The third quoted component is the ACCA's "residual clause."

Johnson held that imposing an increased sentence under the ACCA's residual clause violates due process. The Supreme Court has also determined, however, that Johnson did not invalidate the identically worded residual clause in the "crime of violence" definition in U.S.S.G. § 4B1.2. Beckles v. United States, No. 15-8544, 2017 WL 855781, at *3 (Mar. 6, 2017).

Avery's challenge is not based on the ACCA residual clause or the residual clause in U.S.S.G § 4B1.2's crime-of-violence definition. His challenge is based on the § 924(c)(3) residual clause. That challenge must fail. Binding Sixth Circuit precedent holds that Johnson does not apply to the § 924(c)(3) residual clause. United States v. Taylor, 814 F.3d 340, 376–79 (6th Cir. 2016). The Sixth Circuit has explained as follows:

> [S]everal factors distinguish the ACCA residual clause from § 924(c)(3)(B). First, the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with physical force rather than physical injury. Second, the ACCA residual clause is linked to a confusing set of examples that plagued the Supreme Court in coming up with a coherent way to apply the clause, whereas there is no such weakness in § 924(c)(3)(B). Third, the Supreme Court reached its void-for-vagueness conclusion [in Johnson] only after struggling mightily for nine years to come up with a coherent interpretation of the clause, whereas no such history has occurred with respect to § 924(c)(3)(B). Finally, the Supreme Court was clear in limiting its [Johnson] holding to the particular set of circumstances applying to the ACCA residual clause, and only some of those circumstances apply to § 924(c)(3)(B).

Id. at 376.[15]

The upshot is that a criminal conviction can be a "crime of violence" under § 924(c)(3)(B)'s residual clause, notwithstanding Johnson.

_____

[15] Taylor was decided before Beckles, but nothing in Beckles disturbs the quoted reasoning.

The Ninth Avery Motion also appears to suggest that, not-withstanding Johnson, violations of 18 U.S.C. § 1951 and § 2113(d) are not crimes of violence.  (Ninth Avery Mot. 4, 7-9.)  The Court construes this as an argument that § 1951 viola-tions and § 2113(d) violations do not qualify as crimes of vio-lence under § 924(c)(3)(A)'s use-of-force clause or under § 924(c)(3)(B)'s residual clause.

As to this argument, the Ninth Avery Motion is not timely.  The argument could have been raised within a year of the date on which Avery's judgment of conviction became final (or alterna-tively, as discussed in Section III.H above, during the period from February 2012 and February 2013).  It is time-barred.

The Ninth Avery Motion is DENIED.

## IV.  APPEAL ISSUES

Under 28 U.S.C. § 2253(a), a district court must evaluate the appealability of its decision denying a § 2255 motion and issue a certificate of appealability ("COA") "only if the appli-cant has made a substantial showing of the denial of a constitu-tional right."  28 U.S.C. § 2253(c)(2).  No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing.  Id. § 2253(c)(3).  A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that)

the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); see also Landers v. Romanowski, No. 15-1753, 2017 WL 395976, at *2 (6th Cir. Jan. 30, 2017). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. Bradley v. Birkett, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, Avery is not entitled to relief. He cannot present a question of some substance about which reasonable jurists could differ. The Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). To appeal in forma pauperis in a § 2255 case, and avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Id. at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Howev-

er, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, a prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

In this case, because Avery is clearly not entitled to relief, the Court denies a COA. It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.[16]

## V.    CONCLUSION

The § 2255 Motion is DENIED. The Second and Third Avery Motions are DENIED. The Fourth Avery Motion is DENIED as moot. The Fifth, Sixth, Seventh, Eighth, and Ninth Avery Motions are DENIED.

IT IS SO ORDERED this 29th day of March, 2017.


/s/ Samuel H. Mays, Jr.     _
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[16] If Avery files a notice of appeal, he must also pay the appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the U.S. Court of Appeals for the Sixth Circuit within 30 days.